**No. 26-1541**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

IN RE MOTOROLA SOLUTIONS INC.,

*PETITIONER*,

On Petition for a Writ of Mandamus to the United States District Court
for the Northern District of Illinois

(Hon. John J. Tharp, Jr., Case No. 1:20-cr-688)

## REPLY IN SUPPORT OF MOTOROLA SOLUTIONS INC.'S PETITION FOR A WRIT OF MANDAMUS PURSUANT TO 18 U.S.C. §3771(d)(3), CRIME VICTIMS' RIGHTS ACT

Adam R. Alper, P.C.
Laura Vartain Horn
KIRKLAND & ELLIS LLP
555 California St.
27th Floor
San Francisco, CA 94104

John C. O'Quinn, P.C.
Jason M. Wilcox, P.C.
Christopher Pagliarella
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave. N.W.
Washington, D.C. 20004

Michael W. De Vries, P.C.
KIRKLAND & ELLIS LLP
2049 Century Park East
Suite 3700
Los Angeles, CA 90067

Mark E. Schneider, P.C.
*Counsel of Record*
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
mark.schneider@kirkland.com

Leslie M. Schmidt, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022

*Counsel for Petitioner Motorola Solutions, Inc.*

JUNE 17, 2026

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................... 1

ARGUMENT ............................................................................................................. 3

I.    Reducing Restitution Owed for Earlier Crimes by Payments on Post-May 2016 Crimes is Legal Error. ............................................................................... 3

II.    Attorneys' Fees Should Not Be Reduced Based on Repayment for a Different Loss. ...................................................................................................... 9

III.    Hytera's Payments on a Mostly-Punitive Damages Judgment Were Allocated Contrary to Law.................................................................................. 10

IV.    The Court's Reduction for Avoided Costs Relied on a Preservation Mistake. ................................................................................................................. 14

CONCLUSION....................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Doe,*
  57 F.4th 667 (9th Cir. 2023) ................................................................... 3

*Elion v. United States,*
  76 F.4th 620 (7th Cir. 2023) ................................................................... 3

*Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.,*
  108 F.4th 458 (7th Cir. 2024) ...................................................... 2, 4, 5, 8

*Motorola v. Hytera,*
  2021 WL 12285863 (N.D. Ill. Jan. 8, 2021) ........................................... 4

*U.S. v. Bright,*
  353 F.3d 1114 (9th Cir. 2004) ................................................................ 7

*U.S. v. Bryson,*
  2015 WL 4619637 (D. Conn. July 31, 2015) ......................................... 6

*U.S. v. Calbat,*
  266 F.3d 358 (5th Cir. 2001) .................................................................. 7

*U.S. v. Cross,*
  2025 WL 3643284 (6th Cir. Dec. 16, 2025) ........................................... 6

*U.S. v. Francis,*
  3 F. App'x 583 (9th Cir. 2001) ............................................................... 7

*U.S. v. Huff,*
  609 F.3d 1240 (11th Cir. 2010) ............................................................ 12

*U.S. v. Johnson,*
  911 F.3d 849 (7th Cir. 2018) ................................................................ 11

*U.S. v. Meza,*
  983 F.3d 908 (7th Cir. 2020) .................................................................. 1

*U.S. v. Parsons,*
  141 F.3d 386 (1st Cir. 1998) ................................................................ 12

*U.S. v. Ruff,*
  420 F.3d 772 (8th Cir. 2005) ................................................................ 11

*U.S. v. Smathers,*
  879 F.3d 453 (2d Cir. 2018) ................................................................. 3

*United States v. Malone,*
  747 F.3d 481 (7th Cir. 2014) .............................................................. 5, 6

*In re Wild,*
  994 F.3d 1244 (11th Cir. 2021) ............................................................ 3

**Statutes**

18 U.S.C. §3663 ................................................... 3, 6, 7, 8, 9, 10, 11

18 U.S.C. §3664 ....................................................... 3, 7, 9, 10, 11

18 U.S.C. §3771 ........................................................................... 3

**Other Authorities**

S. Rep. No. 104-179, 1995 WL 731704 ........................................ 1, 11, 12

**INTRODUCTION**

Hytera's opposition rests on flawed premises. Victims of criminal conduct may pursue *both* criminal restitution and all available civil remedies, to the extent each is not duplicative. At the same time, criminal restitution differs in *kind* from many of the remedies available to a victim under civil law. Some civil remedies overlap with criminal restitution, but many civil remedies do not.

These are not generally understood to be contested propositions. They are black-letter law. Together, they mean that just as a victim cannot double-recover for the same specific loss, a criminal cannot double-count a single payment on multiple accounting ledgers for different losses.

Hytera tries to undermine this simple rule by suggesting the Court should consider the "variety of civil remedies" imposed upon it as entirely interchangeable with restitution and distinguished only by mere "labels." Resp. 2. But the "labels" Hytera derides convey essential legal substance. The various criminal and civil remedies imposed on Hytera serve different ends, address different harms and legal obligations, and require different legal showings.

This case concerns a victim's specific right to restitution. That remedy is specific by design. It encompasses "*actual losses* caused by the specific conduct underlying the offense." *U.S. v. Meza*, 983 F.3d 908, 918 (7th Cir. 2020) (emphasis added). No pain and suffering damages. No punitive or liquidated damages. No unjust enrichment beyond actual loss. Congress mandated this limitation—and simultaneously ensured that victims could pursue those excluded damages in civil court without "reduc[ing] the total restitution owed." S. Rep. No. 104-179, 1995 WL

731704, at *21. Any other rule would impermissibly "impair the ability of the victim" to obtain traditional civil damages. *Ibid.*

Hytera advances a different view: on its theory, any dollar paid on any civil award for any purpose must reduce restitution, which is capped at "profits Motorola lost between 2010-2019." Resp. 2. But as the Government explains, the MVRA's structure ensures that restitution is *not* reduced by collection of other damages that are not duplicative with the specific economic losses covered by restitution. Govt. Br. 20. Nothing in this Court's precedent contravenes that scheme or authorizes the double-credit or conflation of remedies that Hytera requests.

Hytera is entitled to credit for every dollar paid toward lost profits in the period from May 2016 through 2019. No one disputes that. But Hytera seeks more. It demands *also* to be excused from paying lost profits from *2010 through May 2016*, simply because Motorola obtained additional civil remedies *other than lost profits* for the 2016-19 period that fall outside the scope of permissible restitution.

Hytera may view all such payments as a "windfall"—even after this Court affirmed a substantial punitive damages award as appropriate to the "reprehensibility of Hytera's actions." *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 108 F.4th 458, 502 (7th Cir. 2024). But despite the defendant's preference for impunity, the large and well-deserved punitive damages award provides no justification to use punitive and other unrelated civil payments to cancel out restitution for the pre-2016 losses that Hytera's crimes caused. And its attempts to rewrite this Court's prior decision and those of the district court are unpersuasive.

The petition should be granted to correct the district court's decision to award no restitution.

## ARGUMENT

### I.     Reducing Restitution Owed for Earlier Crimes by Payments on Post-May 2016 Crimes is Legal Error.[1]

Reduction for property "returned" or amounts "recovered" requires return of the same property or payments made toward the "same loss." 18 U.S.C. §§3663A(b)(1)(B)(ii), 3664(j)(2). Other "recoveries … in civil litigation" not "for the same loss" do not reduce criminal restitution, as that would double count a single payment against two different losses. *U.S. v. Smathers*, 879 F.3d 453, 461 (2d Cir. 2018).

***The civil judgment related only to post-May 2016 damages.*** Hytera asserts that it did return "property" to Motorola by paying down the civil judgment, defining that property as lost "profit from radio sales." But that definition resolves the issue in Motorola's favor. This Court confirmed that the only "lost profits" addressed in the civil case—and thus the only lost profits potentially *returned*

---

[1]     One preliminary standard-of-review note: Hytera concedes that "ordinary standards of appellate review" apply under 18 U.S.C. §3771(d)(3) but also asserts that a CVRA mandamus petition requires proving "a violation of clearly established rights." Resp. 19.  While Motorola *has* shown clearly established law, the CVRA was specifically amended to "resolve a then-existing circuit split" and confirm that the "standard that typically applies [to] mandamus" requiring clear rights does not apply. *In re Wild*, 994 F.3d 1244, 1254 n.10 (11th Cir. 2021); *accord In re Doe*, 57 F.4th 667, 672-73 (9th Cir. 2023). Hytera's cited non-precedential order, issued to dispose of a dubious petition, does not mention this (then-recent) amendment. *See Elion v. United States*, 76 F.4th 620, 634 n.6 (7th Cir. 2023) (noting Circuit practice of "not defer[ring] to non-precedential dispositions," even full opinions).

through payments on that award—are lost profits from May 2016 (the Defend Trade Secrets Act's (DTSA) enactment) through 2019. *Motorola*, 108 F.4th at 471. The earlier lost profits at issue in the criminal case extend to the pre-DTSA period covered only by the Economic Espionage Act (EEA). Those profits were not "returned" by payments on an award that necessarily excluded them.

Hytera does not dispute that the total restitution calculated by the district court represented lost profits primarily from the EEA-only period—at least $119 million. A429:9-430:11. And despite suggesting below that the copyright award remained somehow relevant, A351:10-352:23, A849, Hytera agrees there is no copyright award currently in effect for any period at all. Resp. 25. That means the restitution decision must be remanded. Yet Hytera contends that this Court somehow "recognized that the civil DTSA judgment compensated Motorola for damages for the 2010-2016 period." Resp. 24. That is false, and Hytera knows it.

This Court held that the compensatory civil award of $135.8 million related to the "May 2016 to June 2019" period. *Motorola*, 108 F.4th at 471. In reaching that conclusion, this Court acknowledged that Motorola's compensatory award was less than the sum of "$86.2 million" in post-May 2016 damages and "$73.6 million" in "avoided R&D costs." *Id.* at 471, 492. Hytera now claims that the R&D figure "cover[s] the entire 2010-2019 period." Resp. 24. But the district court said the ***opposite*** in an adjacent excerpt Hytera omits: "Hytera avoided spending this $73,583,897 in R&D *after the enactment of the DTSA on May 11, 2016.*" *Motorola v. Hytera*, 2021 WL 12285863, at *7 (N.D. Ill. Jan. 8, 2021) (emphasis added). The portion of the sentence

Hytera pulls from the same paragraph—that avoided R&D is counted when a product is "introduced"—*explains* that it was counted only as to U.S. launches after May 11, 2016.

Indeed, before this Court, Hytera made arguments *expressly contingent* on the civil judgment being limited to the 2016-19 period—including that the punitive award was excessive based on its "ratio" to the award for the 2016-19 period. Hytera Opening Br., *Motorola*, 2022 WL 17217059, at *65-66.

Hytera's contrary assertions exemplify its sharp practice with the courts.

***Hytera misreads the case law.*** Hytera stakes its argument on excerpted language from *United States v. Malone*, arguing that "[a]ny amount the victim has received from the defendant in a civil suit … must be used to reduce the restitution amount." 747 F.3d 481, 485 (7th Cir. 2014). But *Malone* nowhere addressed the possibility of multiple debts or damages owed by the defendant. Govt. Br. 22. The Court was explaining how to count money paid by defendants *versus third parties*. Opening Br. 18.

*Malone* in fact *underscores* Motorola's position: reclaimed property relating to a loss *not* within the restitution calculation does not reduce restitution. The Court considered whether "the cattle O'Hern [the victim] took from Malone's feedlot and sold to convert into cash" reduced restitution for fraud. 747 F.3d at 488. It emphasized that where repossessed cattle *already belonged to* the victim, separate from the criminal theft, "it would be absurd to reduce the amount of restitution Malone owed O'Hern based on O'Hern's repossession of his own cattle." *Ibid.* That reasoning

– 5 –

supports Motorola: a victim receiving property that belongs to the victim *separately from the loss at issue* does not reduce restitution.

Against that backdrop, it is particularly unpersuasive for Hytera to lift another *Malone* quote to assert that the "only two" things to consider in *any* restitution calculation are the cash value lost and money paid. Resp. 27. The Court was explaining why the calculation of both "the property O'Hern lost" and "the property that is returned" did not "require[] a complicated or prolonged sentencing process" that would render any restitution too complex. 747 F.3d at 487-88. As noted, it then went on to explain why various transfers of value (including cash reclaimed from repossessed cattle, discussed above) did not qualify to reduce restitution.

Without misreading *Malone* to contravene the MVRA, Hytera has no authority. It is left with efforts to distinguish Motorola's cases. Those efforts fail.

***First***, Hytera never distinguishes cases confirming that payments not aimed at the same loss do not qualify as "property … returned" under the restitution statutes. *E.g., U.S. v. Cross*, 2025 WL 3643284, at *3 (6th Cir. Dec. 16, 2025) (identically-worded provision, 18 U.S.C. §3663(b)); *U.S. v. Bryson*, 2015 WL 4619637, at *4 (D. Conn. July 31, 2015). Against the only cases squarely addressing this issue, Hytera asserts only that they dealt with more "clearly unrelated" payments. Resp. 32. But Hytera's maximalist position is that "[a]ny amount … received" reduces restitution. Resp. 21. If Hytera's argument *depends* on whether awards are "indistinguishable," Resp. 32, then an award that doesn't temporally overlap, or one designed as punishment *on top of* actual loss, is clearly distinguishable.

– 6 –

***Second***, Hytera argues that all cases applying §3664(j)(2)—and its "same loss" provision—are irrelevant because, in its view, "amount later recovered" *only* applies to post-sentencing payments. Resp. 28-29. At the outset, this argument only matters if the "same loss" rule does not extend across the restitution statutes. But Hytera never explains why the restitution statutes would allow more payments to qualify *pre*-sentencing than *post*-sentencing (while Motorola's authorities read the provisions in harmony). None of the cases Hytera half-quotes to argue that §3664(j)(2) comes into play "only after" sentencing suggest that the "same loss" rule would apply only to post-sentencing payments. Resp. 29 (citing, *e.g.*, *U.S. v. Bright*, 353 F.3d 1114, 1122 (9th Cir. 2004)). Rather, Hytera offers *no* court, from anywhere, ever holding that "property … returned" (per §3663A(b)(1)) reduces restitution when the return related to a different loss. Thus, Hytera's note about the plea agreement citing both §3663A and §3664(j)(2) is irrelevant. Resp. 11.[2]

Regardless, Hytera has no answer to those cases that treat §3664(j)(2) as mandatory or available to consider at initial sentencing. *E.g.*, *U.S. v. Francis*, 3 F. App'x 583, 596 (9th Cir. 2001); Opening Br. 27 n.8. Hytera only argues that in some (not all) cases, §3663A(b)(1)(B) was inapplicable. But that does not help Hytera's argument that §3664(j)(2)'s text *forecloses* application before sentencing. *See U.S. v. Calbat*, 266 F.3d 358, 365 (5th Cir. 2001) (appeal of pre-sentencing claim).

---

[2]    The plea agreement merely recites the statutory framework. It does not say §3664(j)(2) applies only *after* the restitution order (Hytera's gloss); nor does the reference to "funds repaid" broaden the statute, including §3663A*(b)(1)(B)*. A549-550.

***Third***, Hytera argues that insurance payments at issue in three cited cases may not have "included payments for the limited type of losses the MVRA allows in bodily injury crimes," like "lost wages." Resp. 34. But that concedes Motorola's point. Payments reduce restitution only *to the extent they overlap with the losses underlying the restitution calculation*—even if the loss, like lost wages, can be expressed in cash. If an insurance payment covered lost wages for a certain period *and* financial losses outside the MVRA, it would reduce only the portion of restitution relating to lost wages in that period.

***Hytera also loses if the property is trade secrets.*** All of the above presumes that the "property" is, as Hytera now claims, lost profits. If the Court determines the property at issue was *trade secrets*, and not lost profits, *see* Opening Br. 27, then Hytera could not claim *any* reduction under the property-returned provision (§3663A(b)(1)), since—as Hytera acknowledges—property must be "of the same type" as the original property. Resp. 21 (citation omitted).

Aside from Hytera's mulish argument that it stole no trade secrets (despite conceding its theft, *Motorola*, 108 F.4th at 468, and pleading guilty to criminal conspiracy), Hytera cites to the presentencing report's victim statement to assert waiver by Motorola. But Hytera's crop-quote omits the portion showing Motorola was making *this exact argument*: that "not all property is tangible" and so returns can be "impossible, impracticable, or inadequate," such that Hytera must instead return

– 8 –

value "*in lieu of*" returning "the misappropriated property." VIS at 28 (emphasis added).[3]

Again, if §3664(j)(2) applies, Hytera still receives an offset for paid "compensatory damages for the same loss." But Hytera argues that *only* the return-of-property statute may be considered at this stage. That concedes *no* right to *any* reduction if the Court (reasonably) determines the "property" was trade secrets, and the lost profits paid only represent the *monetary value* of that non-money property.

## II.    Attorneys' Fees Should Not Be Reduced Based on Repayment for a Different Loss.

Hytera's single paragraph defending the elimination of attorneys' fees illustrates the illogic of its position.

Under federal law, attorneys' fees are awarded not as general restitution for the loss from the crime, but as specific, additional "reimburse[ment]" for "expenses" incurred in criminal proceedings. 18 U.S.C. §3663A(a)(4). They are not "lost profits." The *only* way to justify payments on a civil award for a 2016-19 theft reducing *post-*2019 fees incurred in a criminal proceeding is to claim that any amount received by a victim, *for any reason*, reduces *any* awarded restitution or reimbursement. Hytera cites no case supporting that proposition. Nor does it cite any case *ever* reducing fee reimbursements under 18 U.S.C. §3663A(a)(4) based on payments on a civil award.

---

[3]    The VIS Hytera references apparently accompanied the sealed Presentence Investigation Report; Motorola has never been afforded access to the Report but has knowledge only of its own submission to Probation.

Hytera offers a one-sentence argument that the district court "properly included those fees in the amount of 'loss' Motorola suffered in the criminal case, and then correctly determined that Hytera had paid Motorola in excess of that loss." Resp. 26. But Motorola did not suffer "loss … in the criminal case" itself, Motorola suffered loss from Hytera's *prior theft*, and also was due *reimbursement for* participation in the criminal case—including participation "at Hytera's behest." A425:15-19.[4]

Thus, Hytera's claim that these awards are all mere "labels" for one loss, Resp. 27, falls flat. Hytera's position is that lost profits before (May) 2016, lost profits from 2016-2019, punitive damages for 2016-2019 conduct, costs and fees in civil proceedings in the 2020s, and attorneys' fees from a criminal proceeding lasting into *2026* are all just one loss. But they are clearly *substantively different* debts and awards, available in different fora with different showings.

## III. Hytera's Payments on a Mostly-Punitive Damages Judgment Were Allocated Contrary to Law.

Payments on "punitive damages"—damages *over and above* direct financial loss, designed to punish—are not returned property. They are not "compensatory damages," where that phrase *contrasts* with punitive damages. Hytera's argument thus fails even under the return-of-property statute, and is untenable when §3663A(b)(1)(B) and §3664(j)(2) are read together. Hytera has taken the position— here and below—that the MVRA's Senate Report is authoritative. Resp. 26, A855.

---

[4] Motorola was required to respond to multiple Hytera subpoenas and had to move to quash improper requests. Dkt. 342 (granting motion; requests "ha[d] no relevance to the issues in this trial and would not be admissible").

But it has never answered the Report's unambiguous statement that restitution *should not be "reduce[d]"* based on civil awards *not available in restitution*—which includes punitive damages. S. Rep. No. 104-179, 1995 WL 731704, at *21.

Hytera's position produces extraordinary consequences. Civil courts could not award pain and suffering damages, liquidated damages, or punitive damages—remedies that elected officials have deemed appropriate—*without reducing* criminal restitution.

Consider a carjacking victim who is injured and sues in tort, obtaining a substantial award in pain-and-suffering damages and punitive damages. Federal criminal proceedings then produce a restitution award limited to repaying the stolen property. On Hytera's view, restitution must be reduced for every dollar paid on the civil award. *But see* S. Rep. No. 104-179, 1995 WL 731704, at *21 (no reduction in similar analogy).

***Hytera's definition of compensatory damages fails.*** As explained *supra* Section I, §3663A(b)(1) and §3664(j)(2) cannot be read to set forth different rules. But Hytera's attempt to rewrite §3664(j)(2)'s rule is even less plausible. Hytera cites cases that uncontroversially note that when the government collects owed money by other means, awards to the government may be reduced to avoid double recovery—but both cases relate to the government pursuing a *single type* of *purely compensatory* debt. *See U.S. v. Johnson*, 911 F.3d 849, 852-53 (7th Cir. 2018); *U.S. v. Ruff*, 420 F.3d 772, 775 (8th Cir. 2005). Neither suggests that "compensatory damages" somehow encompasses punitive damages—the very category it contrasts with. And Hytera

offers no alternative definition for "compensatory damages," nor could it: any such definition would contradict the legislative records Hytera has treated as authoritative. S. Rep. No. 104-179, 1995 WL 731704, at *21.

***Hytera's allocation argument fails.*** Hytera never disputes Motorola's summary of the civil award's division between compensatory and punitive damages. It does not dispute that *even if* every dollar Hytera paid was awarded first to compensatory damages and interest, the remaining $31 million must belong to punitive damages (or non-compensatory cost and fee awards). The district court never held that restitution should be offset by payments on punitive damages, and Hytera can cite nothing in the record to that effect. Opening Br. 24. If anything, Hytera indicated "punitive damages" *should* be distinguished, when considering allocation. Opening Br. 12. Remand to address that $31 million is plainly warranted.

For allocating Hytera's past payments, Hytera counters Motorola's bankruptcy and tax cases by invoking a debtor's-choice "common-law rule" applicable to some disputes. Resp. 36. But whether Hytera's cases or Motorola's cases (*see* Opening Br. 26) provide reasonable analogies, Hytera ignores the two things unique to this context. *First*, the civil award is being *actively supervised* by another court (that has had to resort to multiple contempt orders to enforce its judgments against Hytera). *Second*, Hytera holds the "burden of proving" entitlement to reduced restitution, in a context—unlike these other contexts—where "uncertainties" are resolved in favor of "fairness to the victim." *U.S. v. Parsons*, 141 F.3d 386, 393 (1st Cir. 1998); *U.S. v. Huff*, 609 F.3d 1240, 1248 (11th Cir. 2010) (citation omitted). The criminal's

unilateral (and often retroactive) efforts to allocate cannot control. Under these circumstances, there was no justification to refuse to determine the civil judge's (Judge Pacold's) intention as to how payments would be allocated, including for reasons of judicial comity.

Hytera again claims this issue, briefed and argued *at length* before the sentencing hearing, was somehow waived by a sentence in Motorola's submission to Probation. Resp. 35. This claim is unsupported. That statement to Probation referred to the criminal court's general ability to "evaluate what amounts Hytera has paid" prior to detailed briefing on allocation. VIS at 31. In that actual briefing, the Government submissions—joined by declarations and exhibits from Motorola and its expert, and seeking to vindicate Motorola's rights—made unambiguous their position that Hytera had a responsibility to obtain "an order from Judge Pacold" resolving allocation disputes, and that without such an order, "Hytera cannot meet its burden of showing that previous payments toward the civil judgment" related to "compensatory damages that overlap with those in the criminal case." *E.g.*, A680-681 (sentencing brief on allocation); A753-54, ¶ 22 (declaration from counsel for Motorola supporting argument and noting the allocation as disputed in the civil case).

Hytera *also* claims the *Government* invited the Court to treat punitive and compensatory damages alike, notwithstanding pages of briefing and transcript arguments arguing the opposite. Unsurprisingly, its transcript cites refute its claim. The Government's attorney briefly stated that "money is fungible" when describing, and *disagreeing with*, Hytera's argument that "every dollar they have paid so far

– 13 –

would go toward restitution." A348:14-349:18 (explaining that "no more than $86.2 million" can be offset). The Government's only passing reference to punitive damages "making the victim whole" was contrasting forfeiture payments that "go[] into government coffers"—not classifying punitive damages as compensatory. A87:19-25. Despite Hytera's deceptive framing, that colloquy has no relation to Hytera's allocation argument.

## IV. The Court's Reduction for Avoided Costs Relied on a Preservation Mistake.

The Court should also order that the district court should revisit its deduction of $70 million from the calculation of restitution on remand. The district court believed Hytera's argument on management and development costs was *new* and *unrebutted*. Neither was true.

Hytera does not argue that its March declaration presented new evidence. Nor does it dispute that the district court cut off briefing after simultaneous submissions limited to offset and interest, a limitation Hytera ignored in its submission. Instead, it relies on waiver and forfeiture—arguments defeated by the record.

***First***, Hytera cannot claim waiver based on no written response to the *reconsideration* argument improperly advanced in briefing ordered on a *different* issue. Written response was foreclosed and the Government addressed the point at argument. Hytera has no case saying arguments must be *renewed* even when reconsideration is requested properly, or that a response at a hearing to an argument added in a final brief is insufficient. Resp. 38.

*Second*, the Government and Motorola *did* address the argument in writing when earlier presented. Apart from the January hearing Hytera cites, the district court acknowledged and explained "Motorola's response" in the December hearing. A317:16-318:7. That analysis followed from the Government's original sentencing memorandum, which included an updated expert declaration (through Motorola) that explained Motorola's expert's methodology from the civil case and extended it here. Dkt. 363 at 25-26. Relevantly, that included a calculation of Motorola's "lost revenues," from which the district court originally drew the (correct) point that the total change in revenue was too small for a significant change in development costs. A317:21-A318:7.

*Third*, while the merits of the reduction belongs to remand, Hytera's merits arguments present two additional errors. Hytera conflates the marginal cost of "selling additional units"—which is factored into profits versus revenue—with whether there were additional *research and development* costs. Resp. 38. Hytera also incorrectly states the first civil-court judge (Judge Norgle) rejected Motorola's methodology. Resp. 39. As the Government explained below, Judge Norgle *accepted* Motorola's methodology when calculating past loss, only taking development costs into account for a forward-looking reasonable-royalty analysis. A363:22-A364:22. Hytera understands the distinction well; as Judge Norgle noted, "Hytera argue[d] that the concept of a royalty is distinct from profits as a matter of law" when proposing the "hypothetical negotiation scenario" that involved consideration of development costs. A484.

Including this issue for reconsideration on remand is appropriate if the Court directs reevaluation of the zero-dollar restitution award based on the legal errors discussed above.

## CONCLUSION

The petition should be granted and the case remanded to recalculate and award restitution.

June 17, 2026

Respectfully submitted,

/s/ Mark E. Schneider

Adam R. Alper, P.C.
Laura Vartain Horn
KIRKLAND & ELLIS LLP
555 California St.
27th Floor
San Francisco, CA 94104

John C. O'Quinn, P.C.
Jason M. Wilcox, P.C.
Christopher Pagliarella
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave. N.W.
Washington, D.C. 20004

Michael W. De Vries, P.C.
KIRKLAND & ELLIS LLP
2049 Century Park East
Suite 3700
Los Angeles, CA 90067

Mark E. Schneider, P.C.
*Counsel of Record*
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
mark.schneider@kirkland.com

Leslie M. Schmidt, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022

*Counsel for Petitioner Motorola Solutions, Inc.*

– 16 –

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Petitioner Motorola Solutions, Inc., furnishes the following in compliance with Federal Rule of Appellate Procedure 32 and Seventh Circuit Rule 32:

I hereby certify that this brief conforms to the rules contained in Seventh Circuit Rule 32 for a brief produced with a proportionally spaced font. The length of this brief is 3,895 words. *See* ECF 4 at 4 (joint stipulation requesting a reply of no more than 3,900 words); ECF 9 (order setting briefing schedule and allowing reply).

Dated: June 17, 2026

*/s/ Mark E. Schneider*

Mark E. Schneider, P.C.
*Counsel of Record*
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
mark.schneider@kirkland.com

*Counsel for Petitioner Motorola
Solutions, Inc.*